FIRST NAT. BANK OF MERCER, PA., v. CITIZENS' NAT. BANK OF NORFOLK, NEB., et al.

(Circuit Court of Appeals, Eighth Circuit. May 29, 1911.)

No. 3,494.

CHATTEL MORTGAGES (§ 177*)—MORTGAGED CATTLE—SALE—EVIDENCE.

In an action against a bank for conversion of mortgaged cattle, evidence *held* insufficient to justify a verdict for plaintiff.

[Ed. Note.—For other cases, see Chattel Mortgages, Dec. Dig. § 177.*]

In Error to the Circuit Court of the United States for the District of Nebraska.

Action by the First National Bank of Mercer, Pa., against the Citizens' National Bank of Norfolk, Neb., and others. Judgment for defendants and plaintiff brings error. Affirmed.

H. C. Brome and Clinton Brome, for plaintiff in error.

M. D. Tyler and John P. Breen, for defendants in error.

Before ADAMS and SMITH, Circuit Judges, and AMIDON, District Judge.

ADAMS, Circuit Judge. This suit was instituted by the plaintiff in error, who was plaintiff below, to recover from the defendants in error, defendants below, the value of 85 cattle, which had been mortgaged to plaintiff by one S. W. Deuel to secure the payment of a debt of $3,000 due from him to the plaintiff. It was alleged in the petition that the defendants, with full knowledge of the existence of plaintiff's mortgage, caused the cattle mortgaged to be sold and disposed of, and appropriated the proceeds thereof to their own use. Issue having been joined on this allegation, the cause went to trial, and resulted in an instructed verdict for the defendants.

A careful review of the evidence fails to disclose that the defendants had anything to do with the sale or disposition of the cattle in question. They were sold by the mortgagor of his own motion, without even the knowledge, so far as this record discloses, of either of the defendants. The fact that Deuel at the time in question owed the banks some money was made the occasion of a searching examination of their officers by counsel for the plaintiff, in an attempt to show that some part or all of the purchase price of the cattle was appropriated to the payment or reduction of Deuel's debt to the banks; but this examination proved ineffectual. It failed to disclose, with any degree of definiteness, that either of the banks received any of the proceeds of the sale of the cattle; and certainly there is no substantial evidence of knowledge on the part of either of the defendants that they were receiving such proceeds. The trial court characterized the evidence as too uncertain and conjectural to establish the right of recovery under the pleadings in the case.

This we think was right, and the judgment is affirmed.